UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF SAM RAINSY AND FILING VICTIMS BEFORE THE INTERNATIONAL CRIMINAL COURT | Case No. 16-mc-80258-DMR<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 1 |

Applicants Sam Rainsy and a group of Cambodian citizens filed an ex parte application seeking permission to issue a subpoena pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. [Docket No. 1 (Appl.).] Having considered the papers and the relevant legal authority, the court grants the application.[1]

## I. BACKGROUND

Applicants are Sam Rainsy, an individual, and a group of Cambodian citizens alleging human rights violations before the International Criminal Court ("ICC"; the "ICC Filers"). Applicants filed this proceeding seeking leave to serve a subpoena to obtain discovery from Chevron Corporation ("Chevron") related to the July 2016 assassination of Dr. Kem Ley. Dr. Ley, a Cambodian political commentator and government critic, was shot and killed on July 10, 2016 at a Chevron-owned "Caltex" gas station in Phnom Penh, Cambodia. [Docket No. 4 (Schueller Decl. Dec. 13, 2016) ¶¶ 5, 6, Exs. D, E (noting Chevron's operation through wholly-

---

[1] Applicants declined to consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). It appears that applications under 18 U.S.C. § 1782 are non-case-dispositive discovery matters. *See Four Pillars Enterprises Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002) (reviewing magistrate judge's rulings on foreign company's § 1782 application under abuse of discretion standard). Accordingly, pursuant to General Order No. 44(E)(3), this civil miscellaneous matter will not be reassigned to a district judge and any objections to this order filed pursuant to Federal Rule of Civil Procedure 72(a) will be resolved by the Honorable Yvonne Gonzalez Rogers, who was the district judge on duty on the date the matter was filed.

owned subsidiary of Caltex gas stations in Cambodia).] Although Cambodian police arrested a suspect shortly after the shooting, Applicants contend the suspect's arrest and identity "raise[s] many questions." Appl. 7-8.

In October 2014, the ICC Filers initiated a proceeding before the ICC in which they alleged crimes against humanity against Cambodian civilians, describing "mass human rights violations perpetrated against the Cambodian civilian population by senior members of the Royal Government of Cambodia . . . , senior members of State security forces, and government-connected business leaders." They also alleged political persecution of dissidents in Cambodia. [Docket No. 3 (Rogers Decl. Dec. 7, 2016) ¶ 2, Ex. A.] In November 2016, following Dr. Ley's assassination, the Filing Victims filed a supplemental brief before the ICC in which they asserted that Dr. Ley's assassination appeared to have been politically motivated. *Id*. at ¶ 3, Ex. B.

Rainsy is the president of the Cambodian National Rescue Party, the main opposition political party in Cambodia. In August 2016, Hun Sen, Cambodia's Prime Minister, sued Rainsy for defamation in Cambodia based on comments Rainsy made online about the government's involvement in Dr. Ley's murder. [Docket No. 2 (Rainsy Decl. Dec. 6, 2016) ¶¶ 1, 7.]

Applicants assert that evidence related to Dr. Ley's assassination is critical to the ICC proceeding and to defending the defamation suit pending against Rainsy. They assert that "Chevron and/or its local Caltex agents admit that on-site closed circuit cameras and/or other video equipment recorded events" at the time of Dr. Ley's murder, but that requests by human rights organizations and reporters for the video and related documents have been denied. Appl. 4; Rainsy Decl. ¶ 13; *see also* Schueller Decl. Ex. G (photographs of Caltex at issue). The proposed subpoena requests six categories of documents, including audio and video recordings from July 1 through 14, 2016 at the Caltex station and related documents and communications. Schueller Decl. Ex. A. The ICC Filers assert that the requested discovery will aid their pursuit of remedies before the ICC. Rainsy seeks the discovery to defend against the defamation allegations and establish the Cambodian government's involvement, if any, in Dr. Ley's assassination. Appl. at 6.

**II. LEGAL STANDARD**

Applicants seek discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (citation and quotations omitted).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Equador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Equador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly

3

intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

## III. DISCUSSION

### A. Authority to Issue Subpoena

The court has reviewed Applicants' request and determines that the statutory requirements of section 1782 have been satisfied. First, Chevron's headquarters are in San Ramon, California, in this district. Schueller Decl. Ex. C. Second, as to Rainsy, the requested discovery is for use in a Cambodian lawsuit, which is a proceeding before a foreign tribunal. As to the ICC Filers, they submitted a "communication" or complaint about alleged crimes under the ICC's jurisdiction. Rogers Decl. ¶ 2. While it is not clear whether the ICC prosecutor has opened a formal investigation into the allegations, "[s]ection 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." *Intel*, 542 U.S. at 258 (rejecting view "that § 1782 comes into play only when adjudicative proceedings are 'pending' or 'imminent'"). As the Supreme Court has explained, "[i]t is not necessary . . . for the [adjudicative] proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding." *Id*. at 259 (quotation omitted)). Therefore, even if the ICC has not yet opened an investigation into the ICC Filers' allegations, the matter qualifies as a proceeding before a "foreign or international tribunal" since the ICC Filers seek to use the requested discovery in an eventual proceeding.

Finally, the court concludes that Applicants qualify as "interested persons." "An 'interested person' seeking to invoke the discovery mechanism set forth under § 1782 may include 'not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.'" *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (quoting *Intel*, 542 U.S. at 256-57). Rainsy is a defendant in a defamation proceeding. Rainsy Decl. ¶ 7, Ex. A. As a party, he is clearly an interested person. As to the ICC Filers, they have a "reasonable interest" in obtaining judicial assistance and therefore qualify as interested persons under § 1782.

4

## B. Discretionary Factors

Having concluded that it has the authority to issue the subpoena, the court turns to the question of whether the discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the first discretionary factor, the Supreme Court has noted that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264 (internal quotations and citations omitted). Here, Chevron is not a party to the proceedings before the ICC or in Cambodia; thus, this factor weighs in Applicants' favor.

As to the second factor, Applicants aver that the ICC and Cambodian courts are examining the truth of the accusations about Dr. Ley's death, including the involvement of the accused shooter, Oueth Ang. They assert that the requested discovery is highly relevant to assessing the circumstances of his death and supporting the ICC filers' claims and Rainsy's defense. With respect to the third discretionary factor, there is nothing to suggest that Applicants are attempting to circumvent foreign proof-gathering restrictions. These factors weigh in Applicants' favor.

Finally, the discovery sought does not appear to be unduly burdensome and appears to be appropriately tailored. The proposed subpoena requests six categories of documents, including audio and video recordings from July 1 through 14, 2016 at the Caltex station, documents and communications related to the recordings, documents identifying Caltex managers and employees, and documents and communications about Dr. Ley's murder. Schueller Decl. Ex. A.

These findings do not preclude Chevron from contesting the subpoena. The Ninth Circuit has held that applications for subpoenas pursuant to section 1782 may be filed ex parte because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir.

1976).  Chevron shall therefore have thirty (30) calendar days after the service of the subpoena to contest it.  The return date on the subpoena must be set at least 30 days after service.

**IV. CONCLUSION**

For the reasons described above, the court grants Applicants' ex parte application. Applicants may serve a finalized version of the subpoena attached as Exhibit A to the Scheuller declaration, which must include a return date at least thirty days after service to allow Chevron to contest the subpoena if it desires.  Any party may file objections to this order with Judge Gonzalez Rogers within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: February 9, 2017



Donna M. Ryu
United States Magistrate Judge