J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Eva Schueller, Esq. (SBN: 237886)
    schueller@braunhagey.com
BRAUNHAGEY & BORDEN LLP
220 Sansome Street, Second Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

COUNSEL FOR APPLICANTS SAM RAINSY
and ICC FILING VICTIMS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>SAM RAINSY and FILING VICTIMS before the International Criminal Court,<br><br>        Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from<br><br>CHEVRON CORPORATION,<br><br>For use in Foreign Proceedings. | Case No. 4:16-mc-80258-DMR<br><br>**DECLARATION OF SAM SOKONG IN SUPPORT OF APPLICANTS' OPPOSITION TO CHEVRON CORPORATION'S MOTION TO QUASH AND MOTION TO VACATE ORDER GRANTING THE INTERNATIONAL CRIMINAL COURT FILING VICTIMS' AND SAM RAINSY'S APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782** |

I, Sam Sokong, declare as follows:

1. I have practiced law in Cambodia since 2003. I represent Mr. Sam Rainsy in the defamation case against him. I make this declaration based on personal knowledge. If called as a witness, I could, and would, testify competently to the facts stated herein.

2. Based on my experience and knowledge, Mr. Sam Rainsy would not be able to successfully obtain the evidence he has asked Chevron to provide through Cambodia's courts. He has requested similar information in other cases against him without success. He has sought to get the video footage in Cambodia through multiple channels, including requests to the government, before seeking assistance from Chevron. His efforts were not successful.

3. Attached here as **Exhibit A** is a true and correct translation of Mr. Sam Rainsy's notice of appeal of the verdict entered against him.

4. Attached here as **Exhibit B** is a true and correct translation of the Complaint against Mr. Sam Rainsy.

5. We will be able to provide the appeal court with new relevant evidence during Mr. Sam's appeal of the verdict against him under Cambodian law. We would also have been able to present evidence from the Caltex station during the trial if we had received it in time. The trial court did not state that such evidence would be prohibited.

6. The footage and information requested is relevant to Mr. Sam Rainsy's defenses on appeal as they may show that his statements about government involvement in Dr. Kem Ley's murder were true or that he had a reasonable basis to believe so.

7. The Phnom Penh Municipal Court screened partial footage of Dr. Kem Ley's murder during the hearing; however, it was grainy and interrupted.

/

/

/

/

/

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct.

5  Dated:  May 4, 2017                    By: _____SAM SoKong_____