WILLIAM E. THOMSON (SBN 187912)
    wthomson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile:   (213) 229-7520

ANDREA E. NEUMAN (SBN 149733)
    aneuman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Chevron Corporation*

J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
BRAUNHAGEY & BORDEN LLP
220 Sansome Street, Second Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

COUNSEL FOR APPLICANTS SAM RAINSY
and ICC FILING VICTIMS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| *In re* Ex Parte Application of SAM RAINSY and FILING VICTIMS BEFORE THE INTERNATIONAL CRIMINAL COURT,<br><br>        Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for use in Foreign Proceedings from:<br><br>        CHEVRON CORPORATION, a Delaware corporation headquartered in San Ramon, California.<br><br>        Respondent. | Case No. 4:16-mc-80258-DMR<br><br><br><br>**JOINT STIPULATION AND [~~PROPOSED~~] ORDER** |

Pursuant to N.D. Cal. Local Rule 7-12, by and through their respective undersigned counsel, Applicants Sam Rainsy and the Filing Victims (collectively, the "Applicants") on the one side, and Respondent Chevron Corporation on the other side, hereby stipulate as follows:

## RECITALS

**WHEREAS**, Applicants filed an *ex parte* Application for an order pursuant to 28 U.S.C. § 1782 granting leave to obtain six specified categories of documents from Chevron Corporation on December 13, 2016 (Dkt. 1) related to two then-pending foreign proceedings: (1) A pending Communication (complaint) submitted by attorney Richard Rogers on behalf of the Filing Victims to the International Criminal Court ("ICC"); and (2) a defamation action brought by a member of the Cambodian government against Sam Rainsy pending in a Cambodian court.

**WHEREAS**, the Honorable Donna M. Ryu granted the *ex parte* application on February 9, 2017 (Dkt. 10, the "Order"), expressly noting Chevron Corporation's rights to challenge the Order in further proceedings before Magistrate Judge Ryu and/or District Judge Gonzales Rogers.

**WHEREAS**, pursuant to the Order, Applicants served Chevron Corporation with a Subpoena on or about February 14, 2017 (the "Subpoena"), requiring, subject to Chevron Corporation's objections and/or a Motion to Quash, the production of the same six categories of documents in the possession, custody, and/or control of Chevron Corporation as follows:

1.     All audio or video recordings taken during the period of July 1-14, 2016 (collectively, the "Surveillance Videos") in, around and/or at the Caltex gas station and onsite Star Mart cafe therein located at the intersection of Monivong and Mao Tse Toung boulevards in Phnom Penh, Cambodia (the "Caltex Station").

2.     All documents and communications related to the Surveillance Videos, including without limitation, their preservation, dissemination, editing and/or destruction.

3.     Documents sufficient to identify the names of managers and employees of the Caltex Station during the period of July 1-14.

4.     Documents sufficient to identify managers or employees of the Caltex Station who were terminated or resigned between July 10 and July 31.

5.      All communications with any agent, employee or instrumentality of the Cambodian government regarding Dr. Kem Ley or his death.

6.      All documents and communications related to the shooting of Dr. Kem Ley.

**WHEREAS**, Chevron Corporation informed Applicants of objections to both the Section 1782 Application and the Subpoena's discovery requests.

**WHEREAS**, an initial hearing was held in this matter on June 8 and the parties were ordered to meet and confer further.

**WHEREAS**, the Parties have engaged in negotiations regarding the application and the requests and seek to enter the following Stipulation and [Proposed] Order regarding Chevron Corporation's stipulated actions that shall be deemed full and complete compliance with the Subpoena.

**NOW THEREFORE**, the parties hereto stipulate and agree as set forth below.

### STIPULATION

Pursuant to N.D. Cal Local Rule 7-12, the parties hereby stipulate as follows:

1.      The Parties agree that Chevron Corporation's (on behalf of its relevant subsidiar(ies)) search of available documents, including electronically stored information (ESI), of the following identified custodians, using the following agreed upon search terms (in English and Khmer script/unicode) provided to Chevron Corporation by Applicants will constitute full and complete compliance by Chevron Corporation with the diligent search requirement of the subpoena:

   a. Custodians:

   - The two managers whose job responsibilities involved visiting the site where the incident occurred, and their company-issued electronic devices if used to store information or communicate about the Incident via non-email media, if any.

   - Chevron Corporation's Policy, Government & Public Affairs custodians (inside or outside of Cambodia), if any, and Cambodia country

manager(s), if any, who had communications about the Incident with any Cambodian governmental officials, agents, or representatives (including police or military).

- Global Security and Environmental and Safety personnel, if any, who conducted or commissioned any investigation into the Incident.

- Any other Chevron Corporation (or subsidiary) custodian identified by reasonable and customary due diligence as having relevant, unique information regarding the Incident (*e.g.*, mere receipt of a news report regarding the Incident does not qualify).

b.  Search terms (in English and Khmer script/unicode, with the Khmer script/unicode to be provided by Applicants in **Appendix A**, attached):

- Kem

- Ley

- (Cambodia or Phnom or Bokor or Caltex or Monivong) **and** (assassin! or kill! or shoot! or murder! or death or victim)

- CCP

- "Hun Sen"

c.  Chevron Corporation will produce responsive, non-privileged or otherwise unprotected hard copy (non-ESI) documents in the possession, custody or control of the custodians identified in Paragraph 1(a).

2.  Chevron Corporation represents that it and its relevant subsidiar(ies)' interactions with the Cambodian government, agencies and/or officials related to the Incident were limited to cooperating with police inquiries and providing testimony at trial. Chevron Corporation further represents and warrants that (a) neither it nor its relevant subsidiar(ies) prepared any formal investigative report or conducted an investigation into the Incident as it was an external event being investigated and addressed by the Cambodian authorities. Neither Chevron Corporation nor its relevant subsidiar(ies) have any information or belief that documents in such categories (regarding

communications with the Cambodian government or an investigation or report of the Incident), if they exist, would not be captured by the agreed-upon searches noted in Paragraph 1 above.

3.    The Parties agree that Chevron Corporation's production of all responsive, non-privileged or non-work-product-protected documents located pursuant to Paragraph 1 above, excluding documents or portions of documents related to human resource issues, such as counseling, and business impact and accounting related issues (for avoidance of doubt, statements about details of the Incident itself will be produced, with redactions excluding portions related to human resource issues, such as counseling, and business impact and accounting related issues), and its production of the log described in Paragraph 5 below will constitute full and complete compliance by Chevron Corporation with the subpoena.

4.    The time period applicable to the foregoing searches and document productions shall be from July 1, 2016 to December 31, 2016.

5.    All responsive documents will be produced within 21 days of the Court's entry of the [Proposed] Production and Protective Order addressed in paragraph 7 below.  Chevron Corporation will produce a privilege log conforming to the Federal Rules of Civil Procedure for any document or thing withheld on the basis of any applicable privilege or protection.

6.    Chevron Entities will produce to Applicants a sworn witness declaration in the form appended as **Appendix B** (the "Chevron Declaration").

7.    Within 21 days of entry of this stipulation, the parties will submit to this Court a [Proposed] Production and Protective Order in substantially the same form as the Model Protective Order for cases in this District.  Chevron Corporation may mark relevant documents as "Confidential" pursuant to the terms of the Production and Protective Order.

8.    As consideration for this declaration as well as Chevron's agreement to the other terms of this Stipulation and [Proposed] Order, Applicants agree, represent and warrant that no additional subpoenas have been or shall be served and/or discovery requests shall be made on Chevron Corporation or its subsidiaries or affiliates in connection with any of the foreign proceedings at issue in this matter.

**IT IS SO STIPULATED.**

DATED: August 3, 2017                    GIBSON, DUNN & CRUTCHER LLP

                                         By: _____/s/ William E. Thomson_____
                                                William E. Thomson

                                         *Attorneys for Respondent Chevron Corporation*

Pursuant to Local Civil Rule 5-1(i)(3), the above-listed filing attorney certifies that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

DATED: August 3, 2017                    BRAUNHAGEY & BORDEN LLP

                                         By: _____/s/ Jonas Noah Hagey_____
                                                Noah Hagey

                                         *Attorneys for Applicants Sam Rainsy and Filing Victims*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: August 4, 2017                    _____

                                         Honorable Donna M. Ryu
                                         United States Magistrate Judge

*IT IS SO ORDERED*
*Judge Donna M. Ryu*
*UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*