WILLIAM E. THOMSON (SBN 187912)
  wthomson@gibsondunn.com
TIAUNIA N. HENRY (SBN 254323)
  thenry@gibsondunn.com
JESSICA CULPEPPER (SBN 304336)
  jculpepper@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  (213) 229-7000
Facsimile:   (213) 229-7520

ANDREA E. NEUMAN (SBN 149733)
  aneuman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Chevron Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re Ex Parte Application of<br><br>SAM RAINSY and FILING VICTIMS before the International Criminal Court,<br><br>   Applicants,<br><br>   v.<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from<br><br>CHEVRON CORPORATION<br><br>For use in Foreign Proceedings. | CASE NO. 4:16–mc–80258–DMR<br><br>**DECLARATION OF WILLIAM E. THOMSON REGARDING CHEVRON CORPORATION'S PROPOSED MODIFICATIONS TO THE MODEL STIPULATED PROTECTIVE ORDER**<br><br>Magistrate Judge Donna M. Ryu |

## DECLARATION OF WILLIAM E. THOMSON

I, William E. Thomson, declare as follows:

1. I am an attorney duly licensed to practice law before the United States District Court for the Northern District of California. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP and am one of the attorneys representing Chevron Corporation in the above-entitled action, and I submit this Declaration on behalf of Chevron Corporation ("Chevron") pursuant to Your Honor's August 4th order in this matter and Your Honor's local rule 14. Unless otherwise stated, I have personal knowledge of the matters stated below, and if called upon to do so, I could and would competently testify as thereto.

2. Attached hereto as **Exhibit A** is Chevron Corporation's [PROPOSED] Production and Protective Order submitted per paragraph 7 of the Court's August 4th order.

3. Attached hereto as **Exhibit B** is a redline comparison of Chevron Corporation's [PROPOSED] Production and Protective Order to the Model Stipulated Protective Order available at http://www.cand.uscourts.gov/model-protective-orders.

4. Chevron's [PROPOSED] Production and Protective Order ("PPO") varies from the Model Stipulated Protective Order in order to take into account the fact that this matter is a Section 1782 discovery proceeding, as opposing to pending U.S. litigation as the model order anticipates. Related to the Section 1782 nature of this proceeding, Chevron's PPO also varies from the model order by establishing a "for use in" restriction on the materials produced by Chevron to limit their use to the pursuit of the International Criminal Court communication submitted by attorney Richard Rogers on behalf of the filing Victims (the "ICC Litigation") and the Cambodian criminal proceedings against Sam Rainsy alleging defamation (the "Rainsy Litigation") (cumulatively the "Underlying Litigation"). The specific modifications to the model order on a topical and paragraph by paragraph basis are as follows:

5. **Definitional Changes throughout the Model Order:** The words "Underlying Litigation" are added throughout the document as a definitional change to take into account the Section 1782 nature of the proceeding.

DECLARATION OF WILLIAM E. THOMSON, CASE NO. 4:16–MC–80258–DMR

Gibson, Dunn & Crutcher LLP

6. **PPO Paragraph 1:** Modified in order to take into account the Section 1782 nature of the these proceedings.  Specifically, listing out the two underlying foreign litigations for which the Petitioner seeks discovery material, noting the different procedure for filing under seal based on the rules of the relevant jurisdiction, and acknowledging that the documents provided pursuant to the parties' stipulation are solely for use in the Underlying Litigation.

7. **Footnote 1**: Clarifies and confirms that the issue of whether the Court is permitted to order the production of discovery for an ICC proceeding is unresolved, and that Chevron is voluntarily producing the documents with regard to the ICC: "The parties disagree whether this Court is permitted, consistent with 22 U.S.C. § 7401 et seq., to order the production of documents in aid of a proceeding before the International Criminal Court or whether a proceeding, for purposes of Section 1782, is pending before the International Criminal Court.  Nonetheless, as a means of resolving the dispute, Chevron is voluntarily producing documents subject to the protections of this Stipulated Protective Order absent the necessity of this Court reaching the issue of whether an ICC proceeding can serve as a basis for a Section 1782 proceeding."

8. **PPO Paragraph 2.11:** Adds "a Party that produces Disclosure or Discovery Material of an affiliate" to the definition of "Producing Party" as Petitioners requested the production of documents in the possession, custody and control a Chevron affiliate, Chevron (Cambodia) Ltd.

9. **PPO Paragraph 4:** Modified in order to take into account the Section 1782 nature of the these proceedings.  Specifically, defining "final disposition" with regard to the Rainsy Litigation as the later of (1) dismissal of all claims and defenses, with or without prejudice; or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Additionally, the "final disposition" of the ICC litigation is defined as either a dismissal of the 2014 or 2016 communication filed by Richard Rogers, a failure to act on the communications within 1 year from the date of the order, or, if the communications are acted upon within the 1 year period,[1] the final judgment after the completion and exhaustion of all appeals,

---

[1] Petitioners request a lengthy 7 year period for the ICC to act on the 2014 or 2016 communications in their draft PPO.  Pet. Draft PPO, at ¶ 4.

rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

10. **PPO Paragraph 7.1:** Modified in order to limit the use of discovery materials to prosecuting the potential ICC Litigation or defending the Rainsy Litigation for the reasons set forth in Chevron's portion of the parties' joint submission.

11. **PPO Paragraph 8:** Modified in order to limit the use of discovery materials to prosecuting the potential ICC Litigation or defending the Rainsy Litigation, and noting that the judicial procedures and rules in the Underlying Litigation shall govern the use of such Protected Material, if any, to the extent they do not conflict with this Order.

12. **PPO Paragraph 8(a):** Modified the term "Designating Party" to "Producing Party."

13. **PPO Paragraph 9:** Deleted this paragraph of the Model Order as inapplicable.

14. **PPO Paragraph 12.3:** Modified in order to take into account the Section 1782 nature of the these proceedings. Specifically, including limitations on filing in the public record in the underlying litigation and complying with analogous rules in the relevant jurisdiction.

15. **PPO Paragraph 13:** Modified to add the word "respective" before receiving party.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 1st day of September, 2017, in Los Angeles, California.

_____
William E. Thomson