# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**J. Noah Hagey, Esq.**

October 3, 2017

**VIA ECF AND CHAMBERS COPY**

Honorable Donna M. Ryu
U.S. District Court for the Northern District of California
Oakland Courthouse, Courtroom 4

     Re:    Further Briefing Re. Chevron's "Use" Restriction, *In re: Sam Rainsy*, Case No. 4:16-mc-80258-DMR (N.D. Cal.)

Your Honor:

     For the reasons set forth below, Applicants Sam Rainsy and the ICC Filing Victims ("Applicants") respectfully urge the Court to deny Respondent Chevron Corporation's request for a blanket "use" restriction on discovery ordered pursuant to the parties' August 3, 2017 Stipulation and ensuing Court Order (Dkt. 41-42) (the "Stipulation"). Chevron's proposed restrictions are contrary to the parties' heavily negotiated Stipulation, against the Federal Rules and § 1782, and lack any justification – except to burden Applicants' handling of discovery material and generate potential liability for use of otherwise regular information.

     **1.    The Parties' Stipulation Nowhere Contemplates a "Use" Restriction.** The parties expended months negotiating the Stipulation. Both sides compromised to reach an agreement. Applicants waived their right to obtain additional information, and Respondents waived the right to limit the use or scope of production. The resulting agreement unequivocally states that Chevron will produce responsive documents, subject only to (a) applicable privileges (for which it must produce a privilege log) (¶ 5), and (b) "Confidential[ity]" concerns under a protective order "in substantially the same form as the Model Protective Order for cases in this District" (¶ 7). Chevron's counsel never bargained for or demanded *any* use restriction and none is found in the Stipulation itself. As part of the Stipulation, Chevron even produced and filed a detailed witness declaration in the public docket without such limitation. The Court should not now rewrite the parties' bargain to impose new restrictions that will burden Applicants' use of normal, non-confidential discovery material.

     **2.    Chevron Cannot Meet its "Heavy Burden".** Chevron (not Applicants) must meet a "high" and "heavy" burden when seeking to restrict the use of discovery material. **First**, per the statute, Rule 26 applies by default to Chevron's production under § 1782, absent judicial discretion. *See* 17 U.S.C. § 1782(a) ("To the extent that the order does not prescribe otherwise . . . the document or other thing [shall be] produced, **in accordance with the Federal Rules of Civil Procedure**.") (emphasis added); *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) (Rule 26 standards apply to use of § 1782 discovery in other proceedings). Rule 26 disfavors restriction on the "use" of discovery material unless the producing party (*i.e.* Chevron) meets a "heavy burden" of demonstrating good cause. *See Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004). The Federal Rules' preference for unrestricted discovery is further reflected in this Court's Model Protective Order and Your Honor's own Standing Order. *See* MPO at ¶¶ 1

(no blanket protection on disclosures, only those that are "confidential"), 5.1 (producing party must "take care to limit any [confidential] designation to specific material that qualifies . . . . [m]ass, indiscriminate, or routinized designations are prohibited."); *see also* Standing Order ¶ 14 (parties "where practicable [will] use one of the model stipulated protective orders"). Here, Chevron has done virtually nothing to explain why it wants to impose burdens on Applicants beyond "confidentiality" for legitimate security issues (which Applicants always have been willing to concede). Instead, it cites vague "concerns" about Applicants' intentions to justify the "mass, indiscriminate, or routinized designations" this Court's MPO prohibits. In six weeks of negotiation, Chevron has refused to offer any exemplar or to describe information that would be non-confidential but nonetheless deserve further protection. Last, during last week's oral argument, its counsel effectively admitted that the company lacks any justifiable "trade secret" or other business concern. Because it is Chevron's burden and it has failed to make any showing for the requested use restrictions, its demands should be rejected.

**Second,** as noted *supra*, other Federal Courts have refused to place "use" restrictions on § 1782 discovery. The issue recently was addressed in *In re Accent Delight*, where the Second Circuit rejected respondents' demands to prevent applicant's use of discovery in other legal proceedings: "In sum, we hold that § 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." *In re Accent Delight*, 869 F.3d at 135.

**Third,** we could locate no case in which a court has imposed the kind of blanket restriction sought by Chevron. Rather, exactly the opposite holds true, including Chevron's own broad use of § 1782 discovery. Chevron and its current counsel famously wielded § 1782 discovery in connection with Ecuadorian litigation and later used that same material in separate US-based racketeering cases. *See e.g.,* Neuman, *et al.*, Employing U.S. Subpoena Power in Support of Foreign Litigation: *Chevron Corp. v. Donzinger* and 28 U.S.C. § 1782 (July 14, 2014) ("The footage, and other document and computer hard drive productions ordered by U.S. Courts [for use in Ecuadorian litigation], would ultimately lead to Chevron's successful racketeering case[.]") available at http://www.gibsondunn.com/publications/Pages/Employing-US-Subpoena-Power-in-Support-of-Foreign-Litigation.aspx.[1] Applicants here want the same flexibility enjoyed by Chevron (and virtually all other parties under the Federal Rules), to freely use discovery material in other proceedings without fear of violating a Court order.

**3.     Chevron's Proposal Would Limit Fact Finding and Invite Future Litigation.** Applicants have submitted sworn testimony identifying the legitimate uses of Chevron's discovery, *i.e*., to share and cooperate with partners in analyzing the evidence as part of their investigation of Dr. Kem Ley's murder, including to potentially amend the ICC proceedings. (9-21-2017 Rainsy Decl. at ¶¶ 23,16-19 (Dkt. 52.)) Chevron seeks to restrict this investigation and fact finding, and to expose Applicants to potential sanction or other claims for such garden variety uses of discovery. This is neither equitable nor practical. The Court respectfully should adopt Applicant's version of the MPO (Dkt. 47-4 ["Exh. 1(b)" redlined against Chevron's draft]) – which provides fair protection to Chevron of confidential information without undue burden on the parties or Court.

---

[1] Ms. Neuman's attorney biography also touts Chevron's broad collateral use of § 1782 discovery material obtained in *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362 (S.D.N.Y. 2014), *aff'd*, 833 F.3d 74 (2d Cir. 2016). http://www.gibsondunn.com/lawyers/aneuman.

Respectfully submitted,

J. Noah Hagey