UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAM RAINSY,
   Plaintiff,
  v.
CHEVRON CORPORATION,
   Defendant.

Case No. 16-mc-80258-DMR

**ORDER ON PARTIES' DISPUTE RE PROTECTIVE ORDER**

Re: Dkt. Nos. 61, 62, 65, 66

  Applicants Sam Rainsy and Filing Victims Before the International Criminal Court (collectively, "Applicants") filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 granting leave to obtain documents and information from Chevron Corporation ("Chevron") related to two foreign proceedings: (1) a pending Communication (complaint) by the Filing Victims to the International Criminal Court ("ICC"); and (2) a defamation action brought by a member of the Cambodian government against Sam Rainsy pending in a Cambodian court. [Docket No. 1.] Applicants generally sought documents and information related to the July 2016 murder of Cambodian political commentator Dr. Kem Ley at a Caltex service station in Phnom Penh, Cambodia. Caltex is a Cambodian affiliate of Chevron. *See id*. The undersigned granted the application on February 9, 2017, noting Chevron's rights to challenge the order in further proceedings. [Docket No. 10.] After Applicants served their subpoena on Chevron, Chevron moved to vacate the order granting the application and to quash the subpoena. [Docket No. 14.]

  In its motion, Chevron argued in part that the February 9, 2017 order must be vacated as to the ICC Filing Victims because federal law bars the use of section 1782 to obtain discovery for use in connection with ICC proceedings. On August 3, 2017, before the court ruled on Chevron's motion, the parties filed a joint stipulation and proposed order resolving their disputes regarding the subpoena, which the court entered as an order on August 4, 2017. [Docket No. 42 (Aug. 4,

2017 Order).] In relevant part, the August 4, 2017 order sets forth the parties' agreements about the actions Chevron would take that would be deemed "full and complete compliance with the Subpoena." *Id*. at 2-4. These actions include specified searches and factual representations by Chevron, as well as the production of responsive documents subject to the court's entry of a proposed production and protective order, which the court directed as follows:

> Within 21 days of entry of this stipulation, the parties will submit to this Court a [Proposed] Production and Protective Order in substantially the same form as the Model Protective Order for cases in this District. Chevron Corporation may mark relevant documents as "Confidential" pursuant to the terms of the Production and Protective Order.

*Id*. at ¶ 7. The parties were unable to agree upon the terms of the production and protective order and submitted a joint letter outlining their disputes. [Docket No. 47.]

The court held a hearing on the joint discovery letter on September 28, 2017 and ruled on several disputes. [Docket Nos. 58 (Sept. 28, 2017 Minute Order); 60 (Hr'g Tr.).] At that proceeding, the court heard argument regarding whether the production and protective order should include a so-called "use restriction" restricting Chevron's entire production for use only in the Sam litigation and the ICC proceedings (the "underlying litigation"). Hr'g Tr. 10 ("[Chevron] [is] requesting . . . that all of the documents be subject to the use restriction; that they can only be for use in the foreign proceedings."). Chevron explained that its production includes sensitive information that it seeks to maintain as confidential, namely, information identifying its Cambodian affiliate's employees. Chevron described its concerns for the safety of those individuals. *Id*. at 21-22, 25. It confirmed that information about Cambodian employees is the only sensitive information in its production. *Id*. at 22. Chevron also generally noted that as a third party, it did not wish to have its documents and information "used in whatever political battle is going on in [Cambodia]." *Id*. at 27. Chevron conceded that a use restriction "is not automatic in every [§] 1782 proceeding," and that the decision of whether to include a use restriction in the production and protective order is within the court's discretion. *Id*. at 25, 27. *See also In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134 (2d Cir. 2017) ("Section 1782 leaves to the district court's discretion both the decision to grant discovery and to 'prescribe the practice and

2

procedure' for its production. . . . [s]ection 1782 entrusts to the district courts many decisions about the manner in which discovery under the statute is produced, handled, and used.").

In response, Applicants explained that they seek the ability to use Chevron's production "for any litigation appeals or other proceedings" related to the underlying litigation, including entirely new proceedings related to Dr. Ley's murder:

> Let's say that we discover through Chevron's documents that there is a malignant government actor that could be brought in to a litigation in Cambodia. We would want to be able to use the materials for that.

Hr'g Tr. 12; *see also* 28-29. Applicants acknowledged Chevron's interest in maintaining the confidentiality of information identifying specific individuals in Cambodia, and agreed to implement heightened protections for such information. Hr'g Tr. 22, 23.

At the conclusion of the hearing, the court ordered further briefing on the issue of whether a use restriction should be included in the protective order. [Docket No. 58.] The parties timely filed the requested briefing. [Docket Nos. 61, 62.] In its briefing, Chevron proposed a "use restriction" that it claimed would permit the Applicants to use Chevron's production for other matters related to the underlying litigation. [Docket No. 62.] The court ordered the parties to meet and confer regarding Chevron's proposal and to notify the court of any agreement reached. [Docket No. 63.] The parties were unable to reach agreement and submitted competing proposals governing the use of Chevron's production. [Docket Nos. 65, 66.]

The court determines that this matter can be decided without further oral argument. Civil L.R. 7-1(b). Having reviewed the parties' proposals, the court adopts Applicant's proposal and orders the parties to include the following provision in their production and protective order:

> Applicants are entitled to use Discovery Material or Protected Material in the Underlying Litigation, including to investigate claims and defenses in those proceedings, and may share non-confidential Discovery Material with representatives, consultants, partners and stakeholders (collectively "Stakeholders") involved in the Underlying Litigation. "Underlying Litigation" shall include not only the pending ICC and Cambodian Litigation, but also any appeals thereof or applications to reopen or reconsider, as well as any other legal proceedings, *i.e.*, new legal action(s) filed by or against one or more of the Applicants, arising out of or relating to the subject matter of the Underlying Litigation.

> Applicants may not disclose Discovery Material or Protected Material to a Stakeholder unless all personally identifying information designated as "Confidential" has been securely redacted from such document or summary thereof.
>
> Nothing herein shall preclude Applicants from publicly disclosing their legal filings, provided that Applicants shall not disclose any personally identifying information designated as "Confidential" by Chevron.

This provision adequately addresses Chevron's concerns about protecting the only sensitive information in its production, i.e. "personally identifying information designated as 'Confidential.'" Chevron did not articulate other specific concerns about the use of its production in proceedings related to the subject matter of the underlying litigation, which is the shooting death of Dr. Ley. Accordingly, while heightened protections for confidential information about individuals are appropriate, the court declines to exercise its discretion to adopt Chevron's more restrictive proposal.

The parties shall immediately meet and confer to complete the drafting process of the remainder of the production and protective order, consistent with this order and the September 28, 2017 minute order. They shall submit a final proposed production and protective order for the court's approval within seven days of the date of this order.

**IT IS SO ORDERED.**

Dated: October 24, 2017



Donna M. Ryu
United States Magistrate Judge