J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
BRAUNHAGEY & BORDEN LLP
220 Sansome Street, Second Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

*Attorneys for Applicants Sam Rainsy and ICC Filing Victims*

William E. Thomson, Esq. (SBN: 187912)
  wthomson@gibsondunn.com
Tiaunia Henry, Esq. (SBN: 254323)
  thenry@gibsondunn.com
Jessica R. Culpepper, Esq. (SBN: 304336)
  jculpepper@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Andrea E. Neuman, Esq. (SBN: 149733)
  aneuman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Chevron Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re Ex Parte Application of<br><br>SAM RAINSY and FILING VICTIMS before the International Criminal Court,<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings from:<br><br>CHEVRON CORPORATION, a Delaware corporation headquartered in San Ramon, California.<br><br>Respondent. | Case No. 4:16-mc-80258-DMR<br><br>**STIPULATED PRODUCTION AND PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in connection with Respondent's production of information pursuant to the Parties' Stipulation and ensuing August 4, 2017 Court Order (Dkt. 42) and related Orders may involve the production of confidential or sensitive information about Cambodian employees of a personally identifying nature for which special protection from public disclosure and from use for any purpose other than investigating, prosecuting or defending the International Criminal Court communications submitted by attorney Richard Rogers on behalf of the Cambodia Filing Victims (the "ICC Litigation")[1] and the Cambodian criminal proceedings against Sam Rainsy alleging defamation (the "Cambodian Litigation"), as well as any appeals thereof or applications to reopen or reconsider and/or new proceedings filed by or against one or more of the Applicants arising out of or relating to the subject matter of the ICC Litigation or Cambodian Litigation, *i.e.*, the murder of Dr. Kem Ley (cumulatively the "Underlying Litigation") may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Production and Protective Order. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal in this action; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from this court to file material under seal. If a party seeks to file protected information in the Underlying Litigation, the rules of the relevant jurisdiction shall govern the standards that will apply when the party seeks permission from those courts to file material under seal. The parties further acknowledge that the sole purpose of the Petition was to obtain documents and things for use in the investigation, prosecution and/or defense in the

---

[1] The parties disagree whether this Court is permitted, consistent with 22 U.S.C. § 7401 et seq., to order the production of documents in aid of a proceeding before the International Criminal Court or whether a proceeding, for purposes of Section 1782, is pending before the International Criminal Court. Nonetheless, as a means of resolving the dispute, Chevron is voluntarily producing documents gathered per the terms set forth in the Court's August 4, 2017 Order (DKT. 42) and subject to the protections of this Stipulated Protective Order absent the necessity of this Court reaching the issue of whether an ICC proceeding can serve as a basis for a Section 1782 proceeding.

Underlying Litigation and that the sole purpose of the documents provided pursuant to the parties' Stipulation and related Court Orders is for use in the investigation, prosecution and/or defense in the Underlying Litigation.

**2.  DEFINITIONS**

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items: As clarified in the Court's November 17, 2017 Order, information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) due to their containing unredacted personally identifiable information as set forth in the October 24 Order at 2:17-23 ("[Chevron] confirmed that information about Cambodian employees is the only sensitive information in its production") and 4:5-11 ("Chevron did not articulate other specific concerns about the use of its production in proceedings related to the subject matter of the underlying litigation . . . the court declines to exercise its discretion to adopt Chevron's more restrictive proposal.").

2.3  Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5  Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action or the Underlying Litigation.

2.7  House Counsel: attorneys who are employees of a party to this action or the

Underlying Litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action or the Underlying Litigation.

2.9   Outside Counsel of Record: attorneys who are not employees of a party to this action or the Underlying Litigation but are retained to represent or advise a party to this action or the Underlying Litigation and have appeared in this action or the Underlying Litigation on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party: any party to this action or the Underlying Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Discovery Material in this action or the Underlying Litigation, including a Party that produces Discovery Material of an affiliate.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Discovery Material that is designated as "CONFIDENTIAL" in accordance with Section 2.2 above.

2.14   Receiving Party: a Party that receives Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at any trial shall be governed by a separate agreement or order.

4.  **DURATION**

Even after final disposition of the Underlying Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition of the Cambodian Litigation shall be deemed to be the later of (1) final dismissal of all claims and defenses, with or without prejudice; or (2) final judgment after the completion and exhaustion of all appeals, reconsiderations (occurring within four (4) years of this Order), rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time or reconsideration (occurring within four (4) years of this Order) pursuant to applicable law. Final disposition of the ICC Litigation shall be deemed to be the later of (1) final dismissal of the 2014 and/or 2016 Communications with the ICC filed by Richard Rogers on behalf of the Cambodia Filing Victims, as may be amended, or a failure by the ICC to act on said Communications within 4 years from the date of this Order; and (2) if the Communications are acted upon by the filing of an ICC complaint by a ICC prosecutor prior to the expiration of the 4 year period, the final judgment after the completion and exhaustion of all appeals, rehearings, amendments, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. In the event Applicants use Discovery Material or Protected Material in other Underlying Litigation as set forth herein (*see* Section 7 "Access to and Use of Discovery or Protected Material"), *i.e.* an amended or new proceeding brought by or against Applicants relating to

the same subject matter as the ICC Litigation or Cambodian Litigation, Applicants shall notify the Producing Party of such other use and Applicants' possession of Discovery and/or Protected Material shall be extended until the final disposition of such matter. Within 45 calendar days of the final disposition of any proceeding addressed in this Section 4, Applicants and Applicants' counsel in this proceeding (if still serving as Applicants' counsel) will advise the Producing Party of such final disposition.

**5.     DESIGNATING PROTECTED MATERIAL**

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.  ACCESS TO AND USE OF DISCOVERY OR PROTECTED MATERIAL**

  7.1  Basic Principles.

As clarified in the Court's October 24, 2017 Order and November 17, 2017 Order, Applicants are entitled to use Discovery Material or Protected Material in the Underlying Litigation, including to investigate claims and defenses in those proceedings, and may share non-confidential Discovery Material with representatives, consultants, partners and stakeholders (collectively "Stakeholders") involved in the Underlying Litigation. "Underlying Litigation" shall include not only the pending ICC and Cambodian Litigation, but also any appeals thereof or applications to reopen or reconsider, as well as any other legal proceedings, *i.e.*, new legal action(s) filed by or

against one or more of the Applicants, arising out of or relating to the subject matter of the Underlying Litigation. Applicants may not disclose Discovery Material or Protected Material to a Stakeholder unless all personally identifying information designated as "Confidential" has been securely redacted from such document or summary thereof.

Nothing herein shall preclude Applicants from publicly disclosing their legal filings, provided that Applicants shall not disclose any personally identifying information designated as "Confidential" by Chevron.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) a Stakeholder that has signed the "Acknowledgment and Agreement to Be Bound" by such person or persons, attached hereto as Exhibit A, and upon secure redaction of any personally identifying information designated as "Confidential" by the Producing Party;

(b) the Receiving Party's Outside Counsel of Record in this action or the Underlying Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action or the Underlying Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action or the Underlying Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action or the Underlying Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel, including in the Underlying Litigation;

(f) court reporters and their staff, professional jury or trial consultants, mock

jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action or the Underlying Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions (including foreign interrogatories), witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

The parties recognize and understand that information disclosed in connection with this Petition is sought for use only in the investigation, prosecution and/or defense of the Underlying Litigation, and that the judicial procedures and rules in the Underlying Litigation shall govern the use of such Protected Material, if any, to the extent they do not conflict with this Order. If a Party is served with a subpoena or a court order issued in the Underlying Litigation or other litigation that compels disclosure of any information or items designated as Protected Material produced by a Producing Party, that Party must:

(a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by

the Producing Party whose Protected Material may be affected.

    If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated hereunder as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     PROTOCOL RE. DISCLOSURE OF ICC VICTIM IDENTITIES**

    Within seven days of the entry of this Protective Order, Applicants will transmit to Chevron's identified counsel Andrea Neuman and Ryan Padden the names of all of the ICC Victims (the "Victim Identities") on a confidential attorneys' eyes only (AEO) basis. Only the identified Chevron attorneys will have access to the Victim Identities, and each such attorney confirms that he or she does not represent or have any other engagement with the Cambodian government, its agencies or instrumentalities, or the ruling Hun Sen family. The Victim Identities will be transmitted by Applicants to Chevron's counsel in physical hard copy format and will be maintained by Chevron's counsel in secure location(s) apart from any computer network. The Victim Identities, and any derivative information thereof, including other confidential personally identifying information, will not be retransmitted, copied, reproduced or otherwise communicated by Chevron's counsel to any other person other than the Court, subject to an application to seal such filing. Upon termination of the Protective Order, Chevron and each of its identified counsel will confirm the return or destruction of the Victim Identities. In the event Chevron elects to designate a third additional attorney to receive the Victim Identities, such attorney will adhere to the foregoing protocol. The terms of the handling of the Victim Identities may be revised by party agreement in writing or Court order.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material produced by a Producing Party to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

### 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action or in the public record in the Underlying Litigation any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 or the analogous rules of the relevant jurisdiction. Protected Material may only be filed under seal in this proceeding pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order in this proceeding will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If, in this proceeding, a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.    **FINAL DISPOSITION**

Within 60 days after the final disposition of each Underlying Litigation (as set forth in paragraph 4), each respective Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any portion of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November 28, 2017                BRAUNHAGEY & BORDEN LLP

By: _____
J. Noah Hagey
*Attorneys for Applicants Sam Rainsy and ICC Filing Victims*

DATED: November 28, 2017                GIBSON, DUNN & CRUTCHER LLP

By: _____
Andrea E. Neuman
*Attorneys for Respondent Chevron Corporation*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: November 29, 2017               _____
Honorable Donna M. Ryu
United States Magistrate Judge

*IT IS SO ORDERED*
*Judge Donna M. Ryu*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [Name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on November \_\_\_, 2017 in the proceeding of *In re Ex Parte Application of Sam Rainsy and Filing Victims*, Case No. 4:16-mc-80258-DMR (U.S. District Court for the Northern District of California). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Underlying Litigation as defined in the Stipulated Protective Order.

Date: _____

City, State and Country where sworn and signed: _____

Printed name: _____

Signature: _____

Address: _____

City, State, Country and Zip: _____

Telephone number: _____